# Exhibit A

## CAPITAL ONE ZERO PERCENT SETTLEMENT

## CASH AWARD CLAIM FORM

**You can also file online at: www.CapitalOneZeroPercentSettlement.com**

You must complete the required information below.  **All claim forms must be postmarked or submitted online on or before ____, 2015**.  If mailing, please return this claim form to:

CAPITAL ONE 0% CHECK SETTLEMENT
C/O DAHL ADMINISTRATION
PO BOX 3614
MINNEAPOLIS MN 55403-0614

Please note, **Category One Class Members will receive a Cash Award automatically and do not need to submit a Claim Form**.  Only Category Two and Three Class Members as described in the Class Notice need to complete this Claim Form to receive a Cash Award.

## CLAIMANT INFORMATION

| | |
|---|---|
| Name: | |
| Address: | |

| City: | | State: | | Zip Code: | |
|---|---|---|---|---|---|

| Telephone Number: | ( ) - | E-mail Address: | |
|---|---|---|---|
| Notice ID: | | | |

## AFFIRMATION

I affirm that I used one or more 0% Access Checks or No-Hassle Checks on one or more Capital One credit cards in the United States from August 30, 2008, through _____, 2014.  I wish to remain in the lawsuit and receive all cash awards for which I am determined eligible.

Signature:_____ Date: _____

**CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY [MONTH DAY], 2015**
**QUESTIONS? CALL 1-855-853-4454 OR VISIT www.CapitalOneZeroPercentSettlement.com**

# Exhibit B1

## If You Used a 0% Check On Your Capital One Credit Card, You May Be Entitled To Cash From A Class Action Settlement

*Si ha aceptado una oferta de 0% de Capital One, usted puede tener derecho a dinero en efectivo de un acuerdo de demanda colectiva. Para información en español, visite la página web, www.[CapitalOneZeroPercentSettlement].com*

*The United States District Court for the Eastern District of Virginia authorized this notice.*
*This is not a solicitation from a lawyer.*

This Notice advises you of a proposed class action Settlement.[1]  The Settlement concerns alleged interest charges resulting from using a 0% check on a Capital One credit card.  Your legal rights are affected whether you act or don't act.
You should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| STAY IN THE LAWSUIT AND RECEIVE A CASH AWARD. | Some people will automatically receive a check for $5.50.  Others may submit a claim for checks of $5.50 or $2.00, with a deadline of _____, 2015.  The Cash Award categories are further described in this Notice.  If you stay in the Class, you give up the right to sue Capital One separately and will be bound by the Settlement Terms. |
| EXCLUDE YOURSELF | Get out of the lawsuit.  Get no settlement benefits. |
| OBJECT | Stay in the lawsuit, but write to the Court about why you do not like the Settlement. |

Your rights and options – **and the deadlines to exercise them** – are explained in this notice.

The Court in charge of this case has not yet decided whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

---

[1] All capitalized terms used herein have the same meaning as the terms defined in the Settlement Agreement, a copy of which can be obtained at www.CapitalOneZeroPercentSettlement.com or at the public court records on file in this Litigation.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ..................................................................................................................................- 3 -

WHO IS IN THE SETTLEMENT ....................................................................................................................- 3 -

THE SETTLEMENT BENEFITS—WHAT YOU GET ...................................................................................- 4 -

THE LAWYERS REPRESENTING YOU .......................................................................................................- 6 -

EXCLUDING YOURSELF FROM THE SETTLEMENT................................................................................- 6 -

OBJECTING TO THE SETTLEMENT ...........................................................................................................- 7 -

THE FINAL APPROVAL HEARING .............................................................................................................- 8 -

IF YOU DO NOTHING ....................................................................................................................................- 8 -

GETTING MORE INFORMATION ................................................................................................................- 9 -

# BASIC INFORMATION

## 1. WHAT IS THIS LAWSUIT ABOUT?

Plaintiffs Margaret Murr and David Reign filed a class action lawsuit claiming that Capital One Bank (USA), N.A.'s ("Capital One" or "Defendant") policies and practices relating to certain interest and minimum payment charges after a credit card customer uses a 0% Access Check or No Hassle Check are deceptive, constitute a breach of contract, and violate the Truth in Lending Act, including the Credit Card Accountability Responsibility and Disclosure Act of 2009. Capital One denies all allegations and has asserted many defenses. The Settlement is not an admission of wrongdoing or an indication that any law was violated. This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

The Parties have agreed to settle the lawsuit on the terms explained in this notice.

## 2. WHY IS THIS A CLASS ACTION?

In a class action, one or more people, called Class Representatives (in this case, Margaret Murr and David Reign), sue on behalf of people who have similar claims. These people are referred to as the Class or as Class Members. One court resolves the issues for all Class Members, except for those who choose to exclude themselves from the Class. United States District Court Judge Leonie M. Brinkema is in charge of this class action.

## 3. WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. That way, they avoid the cost of a trial, and settlement benefits go to the Class Members. The Class Representatives and the attorneys think the Settlement is best for the Class Members.

# WHO IS IN THE SETTLEMENT

To see if you are eligible for benefits, you first have to determine whether you are a Class Member.

## 4. WHO IS INCLUDED IN THE SETTLEMENT CLASS?

You are a Class Member if you used a 0% Access Check or No Hassle Check on your Capital One credit card in the United States from August 1, 2008, through _____, 2014.

The Class does not include the following persons or entities: those who submit a valid opt out request, Defendant and its officers, directors, and employees, and any Court personnel assigned to the action.

## 5. WHAT IS A 0% CHECK?

"0% Check" means either an Access Check or a No Hassle check that Capital One mailed to its credit card customers offering a 0% APR for a certain period of time in exchange for an upfront fee .

| 6. | WHAT DOES THE SETTLEMENT PROVIDE? |
|---|---|

Under the Settlement, Capital One will provide checks to Class Members of either $5.50 or $2.00 depending on whether the Class Member is in Category 1, 2, or 3 as described below. Under the Settlement, Capital One will pay at least the full Cash Awards below to all eligible Class Members. This amount will be at a minimum $3,125,000 to Class Members. Since the lawsuit was filed, Capital One has also enhanced the disclosures concerning the Grace-Period Effect and the Payment-Allocation Effect in its offers of 0% Checks.

In addition, Capital One has agreed to pay the costs of Notice to Class Members and settlement administration, for Court-approved awards of Plaintiffs' attorneys' fees and reimbursement of expenses incurred, and service awards to the Class Representatives (described below). The Settlement distribution process will be administered by an independent settlement administrator, Dahl Administration, (the "Claims Administrator") approved by the Court.

| 7. | HOW MUCH WILL MY PAYMENT BE? |
|---|---|

The amount of the Cash Award you may be entitled to under the proposed Settlement depends upon whether you fit within Category 1, 2, or 3 below. Class Members who used 0% Checks on multiple Capital One credit card accounts may fit within multiple categories and receive a Cash Award for each account. Additional information is provided in Section 4.02 of the Settlement Agreement, which is available at www.CapitalOneZeroPercentSettlement.com. Capital One's records will be used to confirm the category that you fit within:

| Category | Description | Payment Amount | How to Receive Payment? |
|---|---|---|---|
| **One** | **Customers who used only one 0% Check on an account[2] and were charged interest on their purchase balance because of the 0% Check.** | **$5.50** | **Do nothing. A check will automatically be sent to you once the Settlement becomes final.** |
| **Two** | **Customers who used more than one 0% Check on an account at least three months apart and were charged interest on their purchase balance because of the 0% Check.** | **$5.50** | **Submit a completed Claim Form on or before _____, 2015, to www.CapitalOneZeroPercentSettlement.com, or by mail, as indicated in Section 8 below.** |
| **Three** | **Customers who used one or more 0% Checks but were not** | **$2.00** | **Submit a completed Claim Form on or before _____, 2015, to www.CapitalOneZeroPercentSett** |

[2] Customers who used more than one 0% Check on an account, all within less than three months, are treated as if the used only one 0% Check for purposes of the Cash Awards.

| | charged interest on their purchase balance because of the 0% Check. | | lement.com, or by mail, as indicated in Section 8 below. |

## 8. HOW CAN I GET A CASH PAYMENT?

- **If you are a Category 1 Class Member as described above, you do not have to do anything to receive your Cash Award**. The Cash Award will be automatically sent to you after the Settlement becomes final.

- **If you are a Category 2 or 3 Class Member as described above, to receive your Cash Award you must complete and return a Claim Form on or before _____, 2015.** The Claim Form may be: (a) mailed to Capital One 0% Check Settlement, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614; or (b) submitted online at www.CapitalOneZeroPercentSettlement.com. A Claim Form (for Category 2 or 3 Class Members only) is included with this Notice. Claim Forms are also available online at www.CapitalOneZeroPercentSettlement.com or by calling 1-855-853-4454. Category 1 Class Members do not need a Claim Form as the Cash Award will be sent to them automatically.

## 9. WHEN WOULD I GET MY CASH PAYMENT?

The Court will hold a hearing on **[date], 2015** at **[time]**, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. The appeal process can take time, perhaps more than a year. Please be patient.

## 10. IN RETURN FOR THESE SETTLEMENT BENEFITS, WHAT AM I GIVING UP?

If the Court approves the proposed Settlement and you do not request to be excluded from the Class, you must release (give up) all claims concerning the "Grace-Period Effect" and the "Payment-Allocation Effect" in connection with a Capital One 0% Check used from August 1, 2008, to _____ as covered by this Settlement, and the case will be dismissed on the merits and with prejudice.

"Grace-Period Effect" means the loss of a Class Member's interest-free grace period on repaying purchases as a result of using a 0% Check and carrying the resulting 0% balance on a Capital One credit card account.

"Payment-Allocation Effect" means any effect on the amount of interest paid on purchases caused by Capital One's practices of considering the balance created by a Class Member's used of a 0% Check in setting the amount of the Class Member's monthly minimum payment, and of applying the minimum payment first to that balance before the purchase balance.

**If you remain in the Class, you may not assert any of those claims in any other lawsuit or proceeding. This includes any other lawsuit or proceeding already in progress.** The judgment and orders entered in this case, whether favorable or unfavorable, will bind all Class Members who do not request to be excluded.

The full terms of the Release are contained in the Settlement Agreement that is available at www.CapitalOneZeroPercentSettlement.com, or at the public court records on file in this Litigation.

## THE LAWYERS REPRESENTING YOU

| **11. DO I HAVE A LAWYER IN THIS CASE?** |
| --- |

The Court appointed the law firms of Blood Hurst & O'Reardon, LLP and Scott+Scott, Attorneys at Law, LLP to represent you and other Class Members. These lawyers are called Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

| **12. HOW WILL THE LAWYERS BE PAID?** |
| --- |

Class Counsel will ask the Court to award attorneys' fees and costs not to exceed $1,500,000. The awards will be paid by Capital One and will not impact the amount of the Cash Awards that Class Members will receive. Defendant has agreed to not to oppose these awards.

Class Counsel will petition the Court for service awards of up to $7,500 for Plaintiff Margaret Murr and $1,500 for Plaintiff David Reign. The purpose of such awards, if the Court chooses to award them, is to compensate these persons for efforts and risks taken on behalf of the Class. Defendant may oppose these awards.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **13. HOW DO I GET OUT OF THE SETTLEMENT?** |
| --- |

If you do not want a payment from this Settlement, and want to keep the right to sue or continue to sue Capital One on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as "opting out" of the Class.

If you do not want to be included in the Class and receive a Cash Award, you must send a letter stating that you want to be excluded. The letter ***must*** include: (a) your name; (b) your address; (c) your telephone number; (d) your signature; (e) a statement that you are a Settlement Class Member; and (f) the case name and number: *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.).

Your exclusion request must be postmarked on or before _____, and sent to the Claims Administrator at:

> **CAPITAL ONE 0% CHECK SETTLEMENT**
> **C/O DAHL ADMINISTRATION**
> **PO BOX 3614**
> **MINNEAPOLIS MN 55403-0614**

You cannot exclude yourself on the phone or by fax or e-mail. If you ask to be excluded, you will not get any Cash Award, and you cannot object to the Settlement. However, you will not be legally bound by anything that happens in this lawsuit and you will keep your right to separately pursue claims against Capital One relating to the subject matter of this lawsuit.

| **14. IF I DON'T EXCLUDE MYSELF, CAN I SUE CAPITAL ONE FOR THE SAME THING LATER?** |
| --- |

No. Unless you exclude yourself, you give up the right to sue Capital One for the claims that this Settlement resolves. You must exclude yourself from ***this*** Class to pursue your own lawsuit. Remember, your exclusion must be postmarked on or before **[date]**.

| **15. IF I EXCLUDE MYSELF, CAN I GET MONEY FROM THIS SETTLEMENT?** |
| --- |

No. If you exclude yourself, you will not receive any money. Do not send in a Claim Form if you exclude yourself. But you will not lose any right you may have to sue, continue to sue, or be part of a different lawsuit against Capital One about the legal issues in this case.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

| **16. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?** |
| --- |

If you are a Class Member, you can object to the Settlement if you do not like any part of it and the Court will consider your views. To object, you must send a letter to the Court and the parties saying that you object to the Settlement in *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.). The letter **must** include the following information: (a) a heading which refers to the Litigation; (b) your full name, telephone number, email address and residential address (your actual residential address must be included); (c) if represented by counsel, the name, address and telephone number of all of your counsel; (d) a statement under penalty of perjury that you are a Class Member; (e) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel; (f) all grounds for the objection, accompanied by any legal support for the objection known to you or your counsel; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (i) your dated, handwritten signature (an electronic signature or signature of your attorney is not sufficient). The Parties will have the right to take discovery, including a deposition, of any objector to assess the objector's standing, motives, and intent.

*On or before [DATE], your objection must be delivered to these four different places*:

Clerk of the Court
**United States District Court,**
**Eastern District of Virginia**
401 Courthouse Square
Alexandria, VA 22314

Timothy G. Blood
**Blood Hurst & O'Reardon, LLP**
701 B Street, Suite 1700
San Diego, CA 92101

Joseph P. Guglielmo
**Scott+Scott, Attorneys at Law, LLP**
**The Chrysler Building**
405 Lexington Avenue, 40th Floor
New York, NY 10174

Aaron D. Van Oort
**Faegre Baker Daniels LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

## 17. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is telling the Court that you do not like something about the Settlement. You can only object if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or the lawsuit. You cannot request exclusion *and* object to the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you. Class Members who exclude themselves may, if they wish, enter an appearance through their own counsel.

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend, and you may ask to speak, but you do not have to.

## 18. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Final Approval Hearing at [**time**] on [**date**] in the Courtroom of the Honorable Leonie M. Brinkema, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the Settlement. The Court may also consider Class Counsel's request for attorneys' fees and expenses, as well as the Class Representatives' requests for service awards. We do not know how long it will take for the Court to render its decision.

## 19. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer any of the Court's questions. You are, however, welcome to come at your own expense. If you submit an objection, you do not have to come to the Court to talk about it. As long as you delivered your written objection on time, the Judge will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 20. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file with the Court a "Notice of Intention to Appear." Be sure to include your name, address, telephone number, and your signature. You may also be required to provide proof that you are a Class Member. Your Notice of Intention to Appear must be filed on or before [**date**], and must also be served on the Clerk of the Court, Class Counsel and Defense Counsel at the four addresses listed in paragraph 18 above. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

## 21. WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will be part of the Class. If you are a Category 1 Class Member as described above, you will receive a Cash Award. If you are a Category 2 or 3 Class Member as described above, you will not receive a Cash Award unless you file a valid and timely Claim Form. You will not be able to start a lawsuit, continue

with a lawsuit, or be part of any other lawsuit against Defendant about the legal issues in this case.

## GETTING MORE INFORMATION

| **22. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?** |
|---|

The Settlement Agreement contains the complete terms.  You can get a copy of the Settlement Agreement at www.CapitalOneZeroPercentSettlement.com, or by reviewing the records on file in the court clerk's office, United States District Court, Eastern District of Virginia, 401 Courthouse Square, Alexandria, VA 22314.  The Claim Form and other information can be reviewed and downloaded at www.CapitalOneZeroPercentSettlement.com.

**PLEASE DO NOT CALL OR WRITE TO THE COURT FOR INFORMATION OR ADVICE.**

# Exhibit B2

**Email Subject: Notice of Class Action Settlement**

**Email Text:**

<u>LEGAL NOTICE BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA</u>

# If You Used a 0% Check On Your Capital One Credit Card, You May Be Entitled To Cash From A Class Action Settlement

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**Si ha aceptado una oferta de 0% de Capital One, usted puede tener derecho a dinero en efectivo de un acuerdo de demanda colectiva. Para información en español, visite la página web, www.CapitalOneZeroPercentSettlement.com**

### What Is This About?

You received this email because Capital One's records indicate that you may be affected by a Settlement of a class action lawsuit relating to your Capital One credit card. The United States District Court for the Eastern District of Virginia authorized this Notice. It is not a lawyer solicitation.

A Settlement has been proposed in a class action lawsuit about 0% Access Checks and No Hassle Checks used by Capital One credit card customers from August 30, 2008, through _____. The lawsuit, *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.), alleges that Capital One breached its contracts and violated consumer fraud laws and the Truth in Lending Act by requiring certain minimum payments and charging certain interest amounts on purchases after customers used the 0% Checks. Capital One denies all allegations and has asserted many defenses. The Settlement is not an admission of wrongdoing, and the Court has not determined whether any law was violated.

### Am I a Member of the Class?

You are a Class Member if you used a 0% Access Check or No Hassle Check on your Capital One credit card in the United States from August 30, 2008, through _____. If you received this Class Notice, Capital One's records indicate you are a Class Member and may be entitled to compensation from the Settlement. To understand your rights, please read on.

### What Does the Settlement Provide?

If the Settlement is approved, each Class Member is eligible to receive a cash payment from the Settlement, with the amount and process depending on whether you fit within Categories 1, 2, or 3 described below. Under the Settlement, Capital One will pay at least the full awards below to all eligible Class Members who comply with the Settlement terms. At a minimum, Capital One will pay $3,125,000 in Class Member awards. Capital One has also enhanced the disclosures for its 0% Checks and has agreed to pay the costs of notice to Class Members, settlement administration, named plaintiff service awards in an amount selected by the Court not to exceed $7,500, and Court-approved awards of plaintiffs' attorneys' fees and costs not to exceed $1,500,000.

There are three categories of Class Members. According to Capital One's records, you are a Category [1/2/3] Class Member with respect to Account -XXXX [and a Category 1/2/3 Class Member with respect to Account -XXXX]:

(1) <u>Category One</u> is for customers who used only one 0% Check on an account and who were charged interest on their purchase balance because of the 0% check. Category One Class Members who stay in the Class will automatically be sent a check for $5.50.

(2) <u>Category Two</u> is for customers who used more than one 0% Check on an account at least three months apart and were charged interest on their purchase balance because of the 0% Check. Category Two Class Members are entitled to a check for $5.50 if they submit a completed Claim Form by _____, 2015. A Claim Form is attached to this Class Notice and is also available at **www.CapitalOneZeroPercentSettlement.com**. The Claim Form may be submitted online at that website or by mail to Capital One 0% Check Settlement, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614.

(3) <u>Category Three</u> is for customers who used one or more 0% Checks but were not charged interest on their purchase balance because of the 0% Checks. Category Three Class Members are entitled to a check for $2.00 if they submit a completed Claim Form by _____, 2015. A Claim Form is attached to this Class Notice and is also available at **www.CapitalOneSettlement.com**. The Claim Form may be submitted online at that website or by mail to Capital One 0% Check Settlement, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614.

## What are My Options?

You have three options. **First**, you can remain in the Class and receive the benefits offered by the Settlement. If you do nothing, you will remain in the Class. Category 1 Class Members who remain in the Class will automatically receive checks for $5.50. Category 2 Class Members who remain in the Class will receive checks for $5.50 if they submit valid Claim Forms by the deadline. Category 3 Class Members who remain in the Class will receive checks for $2.00 if they submit valid Claim Forms by the deadline. **Second**, you can exclude yourself from the Class by filing a valid request for exclusion on or before _____, 2015. **Third**, you can remain in the Class and receive the benefits offered by the Settlement, but object to any terms of the Settlement by filing a valid objection on or before _____, 2015. The Parties will have the right to take discovery, including a deposition, of any objector to assess the objector's standing, motives, and intent. Visit **www.CapitalOneZeroPercentSettlement.com** for important information about these options.

### Hearing on the Proposed Settlement

The Court will hold a Final Approval Hearing on _____, 2015 at _____ (a.m./p.m.), to determine whether the proposed Settlement is fair, reasonable, and adequate, and to consider requests for attorneys' fees and expenses, as well as service awards for the named plaintiffs. The hearing date may be changed by the Court, and you should check **www.CapitalOneZeroPercentSettlement.com** for updates. The Final Approval Hearing will take place at United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. You may but do not have to attend the hearing.

To get additional information, including a copy of the Settlement Agreement, a detailed Notice of Settlement (which more completely describes the Settlement and your rights thereunder) and/or a claim form, visit **www.CapitalOneZeroPercentSettlement.com** or call 1-855-853-4454.

# Exhibit B3

# Murr v Capital One – Postcard Notice Category 1 – no claim form

**LEGAL NOTICE**

*A federal court authorized this Notice.
This is not a solicitation from a lawyer.*

*Para información en español, visite la página web,
www.CapitalOneZeroPercentSettlement.com*

In the United States District Court
for the Eastern District of Virginia
Murr v. Capital One Bank (USA), N.A.
Case No. 1:13-CV-1091

You received this card because Capital One's records indicate you used a 0% Access Check or No Hassle Check between August 30, 2008 and ____. A class action lawsuit alleges that Capital One breached its contracts and violated consumer fraud laws and the Truth in Lending Act by requiring certain minimum payments and charging certain interest amounts on purchases after customers used the 0% Checks. Capital One denies all allegations and has asserted many defenses. A Settlement has been proposed.

PRESORT
FIRST CLASS
U.S. POSTAGE
PAID
PERMIT NO. XX
EAGAN, MN

CAPITAL ONE 0% CHECK SETTLEMENT
C/O DAHL ADMINISTRATION
PO BOX 3614
MINNEAPOLIS MN 55403-0614



0 1 2 3 4 5 6 7 8 9 0 1 0 2 0 3 0 4

Postal Service: Please do not mark barcode
ID: [00001234]

First Last
Address1
Address2
City State Zip Code

---

Legal Notice                                                                                   Legal Notice

**Am I a Member of the Class?** You are a Class Member if you used a 0% Check on your Capital One credit card in the United States from August 30, 2008, through _____. If you received this Class Notice, Capital One's records indicate you are a Class Member and may be entitled to compensation from the Settlement.

**What Does the Settlement Provide?** At a minimum, Capital One will pay $3,125,000 in Cash Awards. Capital One has also enhanced the disclosures for its 0% Checks and has agreed to pay the costs of Class Notice, settlement administration, named plaintiff service awards, and Court-approved awards of plaintiffs' attorneys' fees and costs not to exceed $1,500,000. According to Capital One's records, you are a Category 1 Class Member with respect to Account XXXX.

You will automatically be sent a check for $5.50.

**Your other options.** If the proposed Settlement is approved by the Court, any legal claim you may have against Capital One related to the Grace-Period Effect or Payment-Allocation Effect from the 0% Checks will be released. If you do not wish to be bound by the terms of the Settlement, you must exclude yourself by _____, 2015. Or, you may formally object to the Settlement by _____, 2015. Visit the settlement website for information on how to do so. The Court will hold a hearing on [date], 2015 at [time], to decide whether to approve the Settlement and a request for attorneys' fees and costs of $1,500,000 and awards of up to $7,500 to the Class Representatives. You may but do not have to attend the hearing.

To read a more detailed description of the terms of the proposed Settlement, the full Notice and the proposed Settlement Agreement, which more fully describes your rights, visit the website, **www.CapitalOneZeroPercentSettlement.com**. You can also obtain more information or request that the detailed Notice be mailed to you by calling 1-855-853-4454.

# Murr v Capital One – Postcard Notice with Postage Pre-paid Claim Form

**LEGAL NOTICE**

*A federal court authorized this Notice.*
*This is not a solicitation from a lawyer.*

*Para información en español, visite la página web,*
*www.CapitalOneZeroPercentSettlement.com*

In the United States District Court
for the Eastern District of Virginia
Murr v. Capital One Bank (USA), N.A.
Case No. 1:13-CV-1091

You received this card because Capital One's records indicate you used a 0% Access Check or No Hassle Check between August 30, 2008 and ____. A class action lawsuit alleges that Capital One breached its contracts and violated consumer fraud laws and the Truth in Lending Act by requiring certain minimum payments and charging certain interest amounts on purchases after customers used the 0% Checks. Capital One denies all allegations and has asserted many defenses. A Settlement has been proposed.

PRESORT
FIRST CLASS
U.S. POSTAGE
PAID
PERMIT NO. XX
EAGAN, MN

CAPITAL ONE 0% CHECK SETTLEMENT
C/O DAHL ADMINISTRATION
PO BOX 3614
MINNEAPOLIS MN 55403-0614



0 1 2 3 4 5 6 7 8 9 0 1 0 2 0 3 0 4

Postal Service: Please do not mark barcode
ID: [00001234]

First Last
Address1
Address2
City State Zip Code

---

Legal Notice                                                                 Legal Notice

**Am I a Member of the Class?** You are a Class Member if you used a 0% Check on your Capital One credit card in the United States from August 30, 2008, through _____. If you received this Class Notice, Capital One's records indicate you are a Class Member and may be entitled to compensation from the Settlement.

**What Does the Settlement Provide?** At a minimum, Capital One will pay $3,125,000 in Cash Awards. Capital One has also enhanced the disclosures for its 0% Checks and has agreed to pay the costs of Class Notice, settlement administration, named plaintiff service awards, and Court-approved awards of plaintiffs' attorneys' fees and costs not to exceed $1,500,000. According to Capital One's records, you are a Category [2/3] Class Member with respect to Account -XXXX [and a Category [2/3] Class Member with respect to Account -XXXX].

According to Capital One's records, you are entitled to a [$5.50/$2.00] award. To receive this cash award, you must file a claim using one of the following options no later than _____, 2015.

**Submit the Claim Form online at www.CapitalOneZeroPercentSettlement.com or mail back the attached pre-paid card after completing the Claim Form on the backside.**

**Your other options.** If the proposed Settlement is approved by the Court, any legal claim you may have against Capital One related to the Grace-Period Effect or Payment-Allocation Effect from the 0% Checks will be released. If you do not wish to be bound by the terms of the Settlement, you must exclude yourself by _____, 2015. Or, you may formally object to the Settlement by _____, 2015. Visit the settlement website for information on how to do so. The Court will hold a hearing on **[date], 2015** at **[time]**, to decide whether to approve the Settlement and a request for attorneys' fees and costs of $1,500,000 and awards of up to $7,500 to the Class Representatives. You may but do not have to attend the hearing.

To read a more detailed description of the terms of the proposed Settlement, the full Notice and the proposed Settlement Agreement, which more fully describes your rights, visit the website, **www.CapitalOneZeroPercentSettlement.com.** You can also obtain more information or request that the detailed Notice be mailed to you by calling 1-855-853-4454.

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

## BUSINESS REPLY MAIL
FIRST-CLASS MAIL     PERMIT NO. 4     FARIBAULT, MN

POSTAGE WILL BE PAID BY ADDRESSEE

**CAPITAL ONE 0% CHECK SETTLEMENT
C/O DAHL ADMINISTRATION
PO BOX 3614
MINNEAPOLIS MN 55403-9803**

---

CAPITAL ONE 0% CHECK SETTLEMENT
C/O DAHL ADMINISTRATION
PO BOX 3614
MINNEAPOLIS MN 55403-0614

NOTICE ID: [00001234]

| CLAIMANT INFORMATION | | |
|---|---|---|
| Name: | | |
| Street Address or PO Box: | | |
| City: | State: | Zip Code: |
| Telephone Number:<br>(          )          - | E-mail Address: | |
| **AFFIRMATION** | | |

I affirm that I used one or more 0% Access Checks or No-Hassle Checks on one or more Capital One credit cards in the United States from August 30, 2008, through _____, 201_. I wish to remain in the lawsuit and receive all cash awards for which I am determined eligible.

Signature:_____     Date: _____

**CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY [MONTH DAY], 2015
QUESTIONS? CALL 1-855-853-4454 OR VISIT www.CapitalOneZeroPercentSettlement.com**

Exhibit B4

**If you used a Capital One 0% APR Access Check
or No Hassle Check,**
you may be entitled to Settlement benefits.

**CLICK HERE
FOR MORE
INFORMATION**

**If you used a Capital One 0%
APR Access Check
or No Hassle Check,**

a Class Action Lawsuit may affect
your rights and you may be
entitled for Settlement benefits.

**CLICK HERE
FOR MORE INFORMATION**

# Exhibit C

| | |
|---|---|
| MARGARET MURR and DAVID REIGN, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>               Defendant. | Civil Action No.: 1:13-cv-1091 LMB/TCB<br><br><u>CLASS ACTION</u><br><br>JURY TRIAL DEMANDED<br><br>Judge:       Hon. Leonie M. Brinkema<br>Courtroom:<br><br>Filed:        August 30, 2013 |

## [PROPOSED] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT

This matter came on for hearing on _____, 2015, at _____.  The Court has considered the Settlement Agreement and Release filed on December 19, 2014 ("Settlement Agreement"), Dkt. No. ____, oral and/or written objections and comments received regarding the proposed Settlement, the record in the above-entitled lawsuit ("Litigation") and the arguments and authorities of counsel.  Good cause appearing,

IT IS HEREBY ADJUDGED AND DECREED THAT:

1.    This Judgment incorporates by reference the definitions in the Settlement Agreement, including its exhibits, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein.

2.    The Court has jurisdiction over the subject matter of this Litigation and all Parties to the Litigation, including all Settlement Class Members.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies the following Settlement Class for settlement purposes:

> All persons within the United States who from August 1, 2008, to the Preliminary Approval Date accepted a 0% Offer using an Access Check or No-Hassle Check. Excluded from the Class are the following persons or entities: those who submit a

valid opt out request, Defendant and its officers, directors and employees, and any Court personnel assigned to the action.

4.     Pursuant to Rule 23(c)(3) of the Federal Rules of Civil Procedure, all such persons who satisfy the Settlement Class definition above, except those Settlement Class Members who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Judgment.

5.     Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, the Court finds that the Plaintiffs in the Litigation, Margaret Murr and David Reign, are members of the Settlement Class, their claims are typical of the Settlement Class, and they fairly and adequately protected the interests of the Settlement Class throughout the proceedings in the Litigation. Accordingly, the Court hereby appoints Margaret Murr and David Reign as Class Representatives.

6.     The Court finds that the Settlement Class meets all requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for certification of the class claims alleged in the complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Class; and (f) superiority.

7.     Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure,  the Court finds that Timothy G. Blood, of Blood Hurst & O'Reardon, LLP, and Joseph P. Guglielmo, of Scott+Scott, Attorneys at Law, LLP have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement, and thus, hereby appoints Timothy G. Blood, of Blood Hurst & O'Reardon, LLP, and Joseph P. Guglielmo, of Scott+Scott, Attorneys at Law, LLP as Class Counsel for the Settlement Class.

8.     The list of persons excluded from the Class because they submitted valid requests for exclusion ("Opt-Outs") is attached hereto as Exhibit A.  Persons who submitted timely, completed Opt-Outs are not bound by this Judgment or the terms of the Settlement and may

pursue their own individual remedies against Defendant. However, such persons are not entitled to any rights or benefits provided to Settlement Class Members by the terms of the Settlement.

9. The Court directed that Class Notice be given to Settlement Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Claims Administrator caused the Class Notice to be disseminated as ordered. The Class Notice advised Settlement Class Members of the terms of the Settlement; of the Final Approval Hearing, and their right to appear at such hearing; of their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement; procedures for exercising such rights; and the binding effect of this Judgment, whether favorable or unfavorable, to the Settlement Class.

10. The distribution of the Class Notice constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, 28 U.S.C. §1715, and any other applicable law.

11. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court finds after a hearing and based upon all submissions of the Parties and interested persons, the Settlement proposed by the Parties is fair, reasonable, and adequate. The terms and provisions of the Settlement Agreement are the product of lengthy, arm's-length negotiations conducted in good faith and with the assistance of the Hon. Theresa C. Buchanan. Approval of the Settlement will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice.

12. All Settlement Class Members who have not timely and validly submitted Opt-Outs are thus Settlement Class Members who are bound by this Judgment and by the terms of the Settlement Agreement.

13. The Settlement, this Judgment, or the fact of the Settlement do not constitute any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

14.     The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Settlement Class.  Plaintiffs Murr and Reign participated in the Litigation, acted to protect the Settlement Class, and assisted their counsel.  The efforts of Class Counsel have produced the Settlement, which was entered into in good faith, and which provides a fair, reasonable, adequate and certain result for the Settlement Class.  Class Counsel have made application for an award of attorneys' fees and expenses in connection with the prosecution of the Litigation on behalf of themselves and the other Plaintiffs' Counsel.  The fee and expense award requested is $1,500,000.  The Court hereby awards $_____ as attorneys' fees and expenses to be paid by Defendant.  The Court finds these amounts to be fair, reasonable, and justified under the circumstances.  Class Counsel shall be responsible for distributing and allocating the attorneys' fees and expenses award to Plaintiffs' Counsel in their sole discretion.  Further, Plaintiffs Murr and Reign are entitled to service awards of $_____ and $_____, respectively, to be paid by Defendant.

15.     The Court hereby dismisses with prejudice the Litigation, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

16.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17.     Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Settlement, and all matters ancillary thereto.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19.     The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Settlement Agreement, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Settlement Class Members under the Settlement Agreement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20.     There is no just reason for delay in the entry of this Final Judgment and Order Approving Settlement and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**


DATED: _____          _____
                                 THE HON. LEONIE M. BRINKEMA
                                 UNITED STATES DISTRICT JUDGE

# Exhibit D

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| MARGARET MURR and DAVID REIGN, on behalf of themselves and all others similarly situated, | Civil Action No.: 1:13-cv-1091 LMB/TCB |
| | <u>CLASS ACTION</u> |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | Judge: Hon. Leonie M. Brinkema Courtroom: |
| CAPITAL ONE BANK (USA), N.A., | |
| Defendant. | Filed: August 30, 2013 |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER

WHEREAS, in this action entitled *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.) (the "Action"), Plaintiffs Margaret Murr and David Reign ("Plaintiffs" or "Class Representatives") and Defendant Capital One Bank (USA), N.A. ("Defendant" or "Capital One") have entered into a Settlement Agreement and Release, filed December 19, 2014, after lengthy arm's-length settlement discussions and extensive litigation;

AND, WHEREAS, the Court has received and considered the Settlement Agreement, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Settlement Agreement;

AND, WHEREAS, all capitalized defined terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

## I.    THE SETTLEMENT CLASS IS CONDITIONALLY CERTIFIED

1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for Settlement purposes only, the Court hereby conditionally certifies the following Settlement Class:

> All persons within the United States who from August 1, 2008, to the Preliminary Approval Date accepted a 0% Offer using an Access Check or No-Hassle Check. Excluded from the Class are the following persons or entities: those who submit a valid opt out request, Defendant and its officers, directors and employees, and any Court personnel assigned to the action.

2.    With respect to the Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Class is so numerous that joinder of all individual Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiffs in the Action as Class Representatives of the Settlement Class.

4.    Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Timothy G. Blood, of Blood Hurst & O'Reardon, LLP, and Joseph P. Guglielmo, of Scott+Scott, Attorneys at Law, LLP as Class Counsel to represent the Settlement Class.

## II.    THE SETTLEMENT IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

5.    The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, and hereby finds that the Settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed Settlement as set forth in the Settlement Agreement.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a settlement hearing (the "Final Approval Hearing") on _____, 2015, at _____ a.m./p.m., in the Courtroom of the Honorable Leonie M. Brinkema, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, for the following purposes:

(a) finally determining whether the Settlement Class meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, the Settlement Class claims should be certified for purposes of effectuating the Settlement; determining whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court;

(b) considering the application of Class Counsel for an award of Attorneys' Fees and Expenses as provided for under the Settlement Agreement;

(c) considering the application of Plaintiffs for service awards;

(d) considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

(e) considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Settlement Agreement should be provided; and

(f) ruling upon such other matters as the Court may deem just and appropriate.

8. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

9. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the

Settlement provided thereunder. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

10. Settlement Class Members must file and serve any objections to the proposed Settlement, which must include all of the information detailed in Section VI of this Order no later than forty-five (45) days prior to the date first set for the Final Approval Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

11. Opening papers in support of the Settlement and any application for an award of Attorneys' Fees and Expenses and/or Plaintiffs' service awards must be filed with the Court at least sixty (60) days prior to the Final Approval Hearing. Reply papers, if any, must be filed with the Court at least seven (7) days prior to the Final Approval Hearing.

## III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

12. The Court approves, as to form and content, the proposed notices to be provided to Settlement Class Members as set forth in Section 8 of the Settlement Agreement, which consist of the Long Form Notice, Email Notice, Postcard Notice, and Internet Notice (collectively the "Class Notice"), which are attached collectively as Exhibit B to the Settlement Agreement.

13. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in Paragraphs 15-16 of this Order and the Settlement Agreement meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

14. The Court approves the designation of Dahl Administration, to serve as the Court-appointed Claims Administrator for the Settlement. The Claims Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of Claims, and

other administrative functions, and shall respond to Class Member inquiries, as set forth in the Settlement Agreement and this Order under the direction and supervision of the Court.

15.     The Court directs the Claims Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, and Claim Forms that may be downloaded and submitted online or by mail, the Settlement Agreement and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.  The Claim Forms shall be made available to Settlement Class Members through the Settlement Website and on the websites of Class Counsel, at their options, no later than the Notice Date as defined below, and continuously thereafter through the Claims Deadline.

16.     The Claims Administrator is ordered to initiate dissemination of the Class Notice no later than ninety (90) calendar days after this Order is issued (the "Settlement Notice Date").

17.     The costs of the Class Notice, processing of claims and Cash Awards, creating and maintaining the Settlement Website, and all other Notice and Claim Administration expenses shall be paid by Defendant in accordance with the applicable provisions of the Settlement Agreement.

18.     The Claims Administrator will file with the Court, no later than fourteen (14) days prior to the Final Approval Hearing, proof that Notice was provided in accordance with the Settlement Agreement and this Order, as well as proof that the Notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

## IV. PROCEDURE FOR SETTLEMENT CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT

19.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

20.     The Court approves the Parties' proposed form of the Claim Form. Unless otherwise provided in the Settlement Agreement as it relates to Settlement Class Members as described in Section 4.02(a) of the Settlement Agreement, any Settlement Class Member who wishes to receive a Cash Award from the Settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claims Administrator no later than ninety (90) days after the Settlement Notice Date.  Such deadline may be further extended without notice to the Settlement Class by Court order.

21.     The Claims Administrator shall have the authority to accept or reject claims for Cash Awards in accordance with the Settlement Agreement, including the Claims Protocol.

22.     The Claims Administrator shall send payment to Settlement Class Members for eligible Cash Awards or, as applicable, a letter explaining the rejection of the claim, within 30 days of the Effective Date or 30 days from the close of the Claims Deadline, whichever is later.

23.     Any Settlement Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel.  All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

## V. PROCEDURE FOR REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS

24.     Any person falling within the definition of the Class may, upon his or her request, be excluded from the Settlement Class.  Any such person must submit a completed Request for Exclusion to the Claims Administrator postmarked or delivered no later than forty-five (45) calendar days before the date first set for the Final Approval Hearing (the "Opt-Out Deadline"), as set forth in the Class Notice.  The Request for Exclusion must include (a) the person's name; (b) the person's address; (c) the person's telephone number; (d) the person's signature; (d) a

statement that the person is a Settlement Class Member; and (f) the case name and number: *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.) Requests for Exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

25. Any Settlement Class Member who does not send a completed, signed Request for Exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out Deadline will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the Settlement, if finally approved by the Court. The written Request for Exclusion must request exclusion from the Settlement Class, must be personally signed by the potential Settlement Class Member and include a statement indicating that the person is a member of the Settlement Class. All persons who submit valid and timely Requests for Exclusion in the manner set forth in the Settlement Agreement shall have no rights under the Settlement and shall not be bound by the Settlement Agreement or the Final Judgment and Order Approving Settlement.

26. A list reflecting all Requests for Exclusions shall be filed with the Court by Claims Administrator no later than fourteen (14) days before the Final Approval Hearing.

## VI. PROCEDURE FOR OBJECTING TO THE SETTLEMENT

27. Any Settlement Class Member who desires to object either to the Settlement, the award of Attorneys' Fees and Expenses, or Plaintiffs' service awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel identified below by hand or first-class mail a notice of the objection(s) and proof of membership in the Settlement Class and the grounds for such objections, together with all papers that the Settlement Class Member desires to submit to the Court no later than forty-five (45) days prior to the date first set for the Final Approval Hearing (the "Objection Deadline"). Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling. To be considered by the Court, the objection must also contain all of the information listed in paragraph 28 below. The Court will

consider such objection(s) and papers only if such papers are received on or before the Objection Deadline provided in the Class Notice, by the Clerk of the Court and by Class Counsel and Defendant's counsel. Such papers must be sent to each of the following persons:

> Timothy G. Blood
> tblood@bholaw.com
> Thomas J. O'Reardon II
> toreardon@bholaw.com
> Blood Hurst & O'Reardon LLP
> 701 B Street, Suite 1700
> San Diego, CA 92101
> Telephone: (619) 338-1100
>
> Joseph P. Guglielmo.
> jguglielmo@scott-scott.com
> Scott+Scott, Attorneys at Law, LLP
> The Chrysler Building
> 405 Lexington Avenue, 40th Floor
> New York, NY 10174
> Telephone: (212) 223-6444
>
> Aaron D. Van Oort
> aaron.vanoort@faegrebd.com
> Eileen M. Hunter
> eileen.hunger@faegrebd.com
> FAEGRE BAKER DANIELS
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, Minnesota 55402-3901
> Telephone: (612) 766-7000

28. All objections must include: (a) a heading which refers to the Litigation, *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.); (b) the objector's full name, telephone number, email address, and address (the objector's actual residential address must be included); (c) if represented by counsel, the full name, telephone number, and address of all counsel; (d) a statement under penalty of perjury that he or she is a Settlement Class Member; (e) whether he or she intends to appear at the Final Approval Hearing on his or her own behalf or through counsel; (f) all grounds for the objection, accompanied by any legal support for the objection know to the objector or his or her counsel; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's dated,

handwritten signature (an electronic signature or attorney's signature are not sufficient).

29.     All objections must contain the information set forth in paragraph 27 above, and be filed with the Clerk and served on the Parties' counsel as set forth in paragraph 26 above no later than the Objection Deadline.  Objections that do not contain all required information or received after the Objection Deadline will not be considered at the Final Approval Hearing.  The Parties will have the right to take discovery, including a deposition, of any objector to assess the objector's standing, motives, and intent.

30.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed by the Parties without further notice to the Settlement Class Members.

31.     Attendance at the Final Approval Hearing is not necessary; however, any Settlement Class Member wishing to be heard orally with respect to approval of the Settlement, the application for an award of Attorneys' Fees and Expenses, or the application for Plaintiffs' service awards, is required to provide written notice of their intention to appear at the Final Approval Hearing no later than the Objection Deadline as set forth in the Class Notice, by filing a "Notice of Intention to Appear".  The Notice of Intention to Appear must include the Settlement Class Member's name, address, telephone number, and signature and must be served as described in Paragraph 27 of this Order.  Settlement Class Members who do not oppose the Settlement, the application for an award of Attorneys' Fees and Expenses, or the application for Plaintiffs' service awards need not take any action to indicate their approval.  A person's failure to submit a written objection in accordance with the Objection Deadline and the procedure set forth in the Class Notice waives any right the person may have to object to the Settlement, the

award of Attorneys' Fees and Expenses, or Plaintiffs' service awards, or to appeal or seek other review of the Final Judgment and Order Approving Settlement.

**IT IS SO ORDERED.**

DATED: _____            _____
                                                         THE HON. LEONIE M. BRINKEMA
                                                         UNITED STATES DISTRICT JUDGE

# Exhibit E

**Claims Protocol**

This Claims Protocol (the "Protocol") is part of the Settlement Agreement ("Settlement") and shall be used by the Claims Administrator to review and process those Claims submitted pursuant to the Settlement and otherwise implement the terms of the claim review and administration process. All capitalized terms used in this Protocol shall have the same meaning given them in the Settlement Agreement.

**1.      Claims Administrator's Role and Duties**

(a)      The Parties have selected Dahl Administration to be the Claims Administrator. Dahl will be recommended to and approved by the Court.

(b)      The Claims Administrator must consent, in writing, to serve and shall abide by the obligations of the Settlement Agreement, this Protocol, and the Orders issued by the Court.

(c)      The Claims Administrator shall have access to information about the balance of the escrowed funds to perform calculations relating to: (i) the costs and expenses associated with disseminating the Class Notice; (ii) the costs and expenses associated with claims administration; and (iii) the total amount due to Settlement Class Members entitled to Cash Awards under the Settlement.

(d)      The Claims Administrator shall warrant that it knows of no reason why it cannot fairly and impartially administer the claim review process set forth in the Settlement Agreement. If the Claims Administrator, Defendant, or Class Counsel learns of a conflict of interest as to a Claim, that party shall give written notice to the other parties, who shall resolve any such circumstances by further written agreement. Any unresolved dispute over such conflict of interest shall be submitted to the Court for resolution. The Claims Administrator shall indemnify and defend the Parties and their counsel against any liability arising from the Claims Administrator's breach of this provision.

(e)      The Claims Administrator shall keep a clear and careful record of all communications with Settlement Class Members, all claims decisions, all expenses, and all tasks performed in administering the Notice and claim review processes.

(f)      The Claims Administrator shall provide periodic reports to Class Counsel and Defendant's Counsel regarding Class Notice distribution and Claim Form submissions beginning not later than one week after Class Notice is first disseminated and continuing on a weekly basis thereafter.

(g)      The actual cost of the Claims Administrator shall be paid, from time to time, as determined by submitted and approved invoices, by Defendant.

(h)      The Claims Administrator shall take all reasonable efforts to administer the Claims efficiently and avoid unnecessary fees and expenses. The Claims

Administrator shall only be reimbursed for fees and expenses supported by detailed and clear timesheets and receipts for costs. As soon as work commences, the Claims Administrator shall provide a detailed written accounting of all fees and expenses on a monthly basis to Class Counsel and Defendant's Counsel, and shall respond promptly to inquiries by these counsel concerning fees and expenses.

(i)    The Parties are entitled to observe and monitor the performance of the Claims Administrator to assure compliance with the Settlement Agreement and this Protocol. The Claims Administrator shall promptly respond to all inquiries and requests for information made by Defendant or its counsel or Class Counsel.

## 2.    Providing and Submitting Claim Forms

(a)    The Claim Form, which is in substantially the form attached as Exhibit A to the Settlement Agreement, shall be available as part of the Class Notice, accessible via hyperlink from the direct Email Notice, included on the direct Postcard Notice, on the Settlement Website, or by contacting the Claims Administrator. The Claim Form on the Settlement Website and the hard copy Claim Form shall be consistent in content.

(b)    The Claims Administrator shall establish and maintain the Settlement Website, which shall be easily accessible through commonly used Internet Service Providers for the submission of Claims. The Settlement Website shall provide information in English and Spanish. The Settlement Website shall be designed to permit Settlement Class Members to readily and easily submit Claims and obtain information about the Settlement Class Members' rights and options under the Settlement Agreement. The Settlement Website shall be maintained continuously until 240 calendar days after the first pro rata distribution.

(c)    The Claims Administrator shall also establish a toll-free telephone number that will have recorded information answering frequently asked questions about the Settlement Agreement, including, but not limited to, the instructions about how to request a Claim Form and/or Class Notice, as well as an option to reach a live operator. Live operators will also be made available.

(d)    No later than 75 days after an order granting preliminary approval of the Settlement, Capital One shall provide the Claims Administrator files that identify the names, last known mailing and email addresses, and contact phone numbers of Settlement Class Members, as well as their Qualifying Account numbers, and whether each Qualifying Account number fits within Category 1, 2, or 3 as described in the Long Form Notice and Section 4.02 of the Settlement Agreement. The Claims Administrator will return this file to Capital One within 90 days after the Effective Date. The Claims Administrator shall update the mailing addresses through the National Change of Address Database.

(e)     No later than 90 days after entry of the Preliminary Approval Order, the direct Email Notice and Postcard Notice (Exs. B(2) and B(3) to the Settlement Agreement) with the personalized information specified in the paragraph above, shall be mailed and/or emailed to Settlement Class Members. A Claim Form shall be included with such direct Notices (the "Initial Direct Notice").

(f)     The Claims Administrator shall perform reasonable address traces for all direct notices returned as undeliverable from the Initial Direct Notice. No later than 35 days from the Initial Direct Notice, the Claims Administrator shall complete the re-sending of the direct Notice and Claim Form to those Settlement Class Members whose new addresses were identified as of that time through address traces (the "Notice Re-mailing Process").

(g)     No later than 10 days from an order of granting preliminary approval, the Claims Administrator will post the Settlement Agreement, Notice, and Claim Form on the Settlement Website. The Settlement Agreement, Notice, and Claim Form shall remain available by these means until the Effective Date. The Claims Administrator shall also post any preliminary and final approval orders and related memoranda, as well as any attorney's fee petition and related memoranda, on the Settlement Website.

(h)     The Class Notice and Claim Form shall also be sent via electronic mail to Settlement Class Members who so request.

(i)     No later than 7 days before the Final Approval Hearing, the Claims Administrator shall provide the Court with an affidavit attesting that Class Notice was disseminated pursuant to the Settlement Agreement.

3.     **Claim Form Review and Processing**

(a)     Settlement Class Members may timely submit a Claim to the Claims Administrator up to the Claims Deadline. Settlement Class Members shall be eligible for the relief provided in the Settlement Agreement, provided Settlement Class Members complete and timely postmark or submit online a valid Claim Form to the Claims Administrator by the Claims Deadline.

(b)     The Claims Administrator shall gather and review the Claim Forms received pursuant to the Settlement Agreement, and fulfill valid Claims.

(i)     Settlement Class Members who submit a timely and valid Claim Form shall be designated as Authorized Claimants. The Claims Administrator shall examine the Claim Form before designating the Settlement Class Member as an Authorized Claimant to determine that the information on the Claim Form is reasonably complete and contains sufficient information to enable the mailing of the settlement payment to the Settlement Class Member.

(ii)　　No Class Member is required to submit more than one Claim Form.  If an Authorized Claimant has more than one Qualifying Account, the Authorized Claimant shall receive the applicable Cash Award for each of his or her Qualifying Accounts without the need to submit a separate Claim Form for each Qualifying Account.  The Claims Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Qualifying Account ("Duplicative Claim Forms").  The Claims Administrator shall determine whether there is any duplication of Claims, if necessary by contacting the claimant(s) or their counsel.  The Claims Administrator shall designate any such Duplicative Claims as invalid claims to the extent they allege the same damages or allege damages on behalf of the same Settlement Class Member.

(iii)　　The Claims Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the claim process.  The Claims Administrator may, in its discretion, deny in whole or in part any claim to prevent actual or possible fraud or abuse.

(iv)　　By agreement of the Parties, the Parties can instruct the Claims Administrator to take whatever steps they deem appropriate to preserve the $3,125,000 minimum guaranteed payout under the Settlement to Settlement Class Members to further the purposes of the Settlement Agreement if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse.

(v)　　The Claims Administrator shall, in its discretion, following consultation and agreement with counsel, reasonable agreement not to be withheld, decide whether to accept Claim Forms submitted after the Claims Deadline.

(c)　　The Claims Administrator shall provide periodic reports to Class Counsel and Defendant's Counsel regarding the implementation of the Settlement Agreement and this Protocol.

(d)　　If a Claim Form cannot be processed without additional information, the Claims Administrator shall promptly send written communication that advises the claimant of the additional information and/or documentation needed to validate the claim.  The claimant shall have twenty-eight (28) days from the date of the postmarked letter sent by the Claims Administrator to respond to the request from the Claims Administrator and the claimant shall be so advised.

(i)　　In the event the claimant timely provides the requested information, the Claim shall be deemed validated and shall be processed for payment.

(ii)    In the event the claimant does not timely provide the information, the Claim may be denied or reduced to the claim amount reasonably supported by the documentation without further communication with the claimant.

(iii)    If a Claim is denied because the Claims Administrator determined that documentation was not sufficient to prove the Claim, the Claims Administrator shall provide a report to Class Counsel and Defendant's Counsel who shall meet and confer in an attempt to resolve these Claims. If Class Counsel reasonably recommends payment of the Claim and Defendant agrees (and Defendant's agreement shall not be unreasonably withheld), then the Claims Administrator shall be instructed to pay those Claims.

(iv)    The Claims Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel.

(e)    Settlement checks will be sent to qualified Settlement Class Members by the Claims Administrator via U.S. mail no later than twenty-five (25) calendar days after the Funding Date. If any settlement checks are returned, the Claims Administrator will attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02 of the Settlement Agreement. If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator will advise Class Counsel and Defendant's Counsel of the names of the Settlement Class Members whose checks are returned by the postal service as soon as practicable. Each settlement check will be negotiable for ninety (90) calendar days after it is issued. Upon request by an Authorized Claimant, the Claims Administrator may re-issue settlement checks, provided that such re-issued checks will not be negotiable beyond that date that is forty-five (45) calendar days after the date of issuance of the check to such claimant.

(f)    After the negotiation period for all checks issued and re-issued in the first phase has expired, the Claims Administrator will use the amount of money represented by the uncashed checks to fund additional efforts to reissue, deliver, and pay settlement checks to the Settlement Class Members who did not cash their earlier checks. The Claims Administrator will take the steps that are, in its discretion, most likely to result in the remaining funds being received by Settlement Class Members. All actions of the Claims Administrator in this phase will be paid out of the money represented by the uncashed checks. The Claims Administrator will keep attempting to distribute the funds until the combined costs of its actions and the additional money received by Settlement Class Members reduces the money remaining after the first phase to less than $500, at which point it will be used to offset other costs of class administration.