**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MARGARET MURR and DAVID REIGN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | Civil Action No.: 1:13-cv-1091 LMB/TCB<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>Judge: Hon. Leonie M. Brinkema<br>Courtroom:<br><br>Filed: August 30, 2013 |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND SCHEDULING ORDER**

WHEREAS, in this action entitled *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.) (the "Litigation"), Plaintiffs Margaret Murr and David Reign ("Plaintiffs" or "Class Representatives") and Defendant Capital One Bank (USA), N.A. ("Defendant" or "Capital One") have entered into a Settlement Agreement and Release, filed December 19, 2014, after lengthy arm's-length settlement discussions and extensive litigation;

AND, WHEREAS, the Court has received and considered the Settlement Agreement, including the accompanying exhibits;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Litigation, and for its dismissal with prejudice upon the terms and conditions set forth in the Settlement Agreement;

AND, WHEREAS, all capitalized defined terms used herein shall have the same meanings as set forth in the Settlement Agreement unless set forth differently herein;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

## I. THE SETTLEMENT CLASS IS PRELIMINARILY CERTIFIED

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for Settlement purposes only, the Court hereby preliminarily certifies the following Settlement Class:

> All persons within the United States who from August 1, 2008, to the Preliminary Approval Date accepted a 0% Offer using an Access Check or No-Hassle Check. Excluded from the Settlement Class are the following persons or entities: those who submit a valid Request for Exclusion, Defendant and its officers, directors and employees, and any Court personnel assigned to the Litigation.

2. With respect to the Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiffs in the Litigation as Class Representatives of the Settlement Class.

4. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Timothy G. Blood, of Blood Hurst & O'Reardon, LLP, and Joseph P. Guglielmo, of Scott+Scott, Attorneys at Law, LLP as Class Counsel to represent the Settlement Class.

## II. THE SETTLEMENT IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

5. The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

6. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement, and hereby finds that the Settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed Settlement as set forth in the Settlement Agreement.

7. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a "Final Approval Hearing" on June 26, 2015, at 10:00 a.m., in the Courtroom of the Honorable Leonie M. Brinkema, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, for the following purposes:

(a) finally determining whether the Settlement Class meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, and thus, the claims of the Settlement Class should be certified for purposes of effectuating the Settlement; determining whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court;

(b) considering the application of Class Counsel for an award of Plaintiffs' Counsel's fees and costs as provided for under the Settlement Agreement;

(c) considering the application of Plaintiffs for service awards;

(d) considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

(e) considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Settlement Agreement should be provided; and

(f) ruling upon such other matters as the Court may deem just and appropriate.

8. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

9. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the

Settlement provided thereunder. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

10. Settlement Class Members must file and serve any objections to the proposed Settlement, which must include all of the information detailed in Section VI of this Order no later May 12, 2015, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

11. Opening papers in support of the Settlement and any application for an award of Plaintiffs' Counsel's fees and costs and/or Plaintiffs' service awards must be filed with the Court no later than April 27, 2015. Reply papers, if any, must be filed with the Court no later than June 19, 2015.

### III.   THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

12. The Court approves, as to form and content, the proposed notices to be provided to Settlement Class Members as set forth in Section 8 of the Settlement Agreement, which consist of the Long Form Notice, Email Notice, Postcard Notice, and Internet Notice (collectively the "Class Notice"), which are attached collectively as Exhibit B to the Settlement Agreement.

13. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in Paragraphs 15-16 of this Order and the Settlement Agreement meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

14. The Court approves the designation of Dahl Administration, to serve as the Court-appointed Claims Administrator for the Settlement. The Claims Administrator shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of Claims, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set

forth in the Settlement Agreement and this Order under the direction and supervision of the Court.

15.     The Court directs the Claims Administrator to establish a Settlement Website, making available copies of this Order, Class Notice, and Claim Forms that may be downloaded and submitted online or by mail, the Settlement Agreement and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement. The Claim Forms shall be made available to Settlement Class Members through the Settlement Website and on the websites of Class Counsel, at their options, no later than the Settlement Notice Date as defined below, and continuously thereafter through the Claims Deadline.

16.     The Claims Administrator is ordered to initiate dissemination of the Class Notice no later than ninety (90) calendar days after this Order is issued (the "Settlement Notice Date").

17.     The costs of the Class Notice, processing of claims and Cash Awards, creating and maintaining the Settlement Website, and all other Notice and Claim Administration expenses shall be paid by Defendant in accordance with the applicable provisions of the Settlement Agreement.

18.     The Claims Administrator will cause to be filed with the Court, no later than June 12, 2015, proof that Notice was provided in accordance with the Settlement Agreement and this Order, as well as proof that the Notice was provided to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

### IV. PROCEDURE FOR SETTLEMENT CLASS MEMBERS TO PARTICIPATE IN THE SETTLEMENT

19.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

20.     The Court approves the Parties' proposed form of the Claim Form. Unless otherwise provided in the Settlement Agreement as it relates to Settlement Class Members as

described in Section 4.02(a) of the Settlement Agreement, any Settlement Class Member who wishes to receive a Cash Award from the Settlement shall complete a Claim Form in accordance with the instructions contained therein and submit it to the Claims Administrator no later than ninety (90) days after the Settlement Notice Date. Such deadline may be further extended without notice to the Settlement Class by Court order.

21. The Claims Administrator shall have the authority to accept or reject claims for Cash Awards in accordance with the Settlement Agreement, including the Claims Protocol.

22. The Claims Administrator shall send payment to Settlement Class Members for eligible Cash Awards or, as applicable, a letter explaining the rejection of the claim, within 30 days of the Effective Date or 30 days from the close of the Claims Deadline, whichever is later.

23. Any Settlement Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

V. **PROCEDURE FOR REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS**

24. Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. This is also referred to as "opting out" of the Settlement Class. Any person wishing to be excluded from (opt out from) the Settlement Class must submit a written "Request for Exclusion" to the Claims Administrator postmarked or delivered no later than May 12, 2015. The Request for Exclusion must include (a) the person's name; (b) the person's address; (c) the person's telephone number; (d) the person's signature; (e) a statement that the person is a Settlement Class Member and that her or she wishes to be excluded from the Settlement Class; and (f) the case name and number: *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.). Requests for Exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void. A Request for Exclusion must be written, and may not be asked for telephonically.

25. Any Settlement Class Member who does not send a completed, signed Request for Exclusion with the information listed in paragraph 24 above to the Claims Administrator postmarked or delivered on or before the deadline of May 12, 2015, will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the Settlement, if finally approved by the Court. All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and paragraph 24 above shall have no rights under the Settlement and shall not be bound by the Settlement Agreement or the Judgment and Final Approval Order approving the Settlement.

26. No later than June 12, 2015, the Claims Administrator shall cause to be filed with the Court a list reflecting all Requests for Exclusions.

## VI. PROCEDURE FOR OBJECTING TO THE SETTLEMENT

27. Any Settlement Class Member who desires to object either to the Settlement, the award of Plaintiffs' Counsel's fees and costs, or Plaintiffs' service awards must timely file with the Clerk of this Court and timely serve on the Parties' counsel identified below by hand or first-class mail a notice of the objection(s) and proof of membership in the Settlement Class and the grounds for such objections, together with all papers that the Settlement Class Member desires to submit to the Court no later than the deadline of May 12, 2015 (the "Objection Deadline"). Settlement Class Members may not both object and request exclusion (opt out). If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling. To be considered by the Court, the objection must also contain all of the information listed in paragraph 28 below. The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Deadline (May 12, 2015), by the Clerk of the Court and by Class Counsel and Defendant's counsel. Such papers must be sent to each of the following persons:

> Clerk of the Court
> United States District Court,
> Eastern District of Virginia
> 401 Courthouse Square
> Alexandria, VA 22314

>Timothy G. Blood
>tblood@bholaw.com
>Thomas J. O'Reardon II
>toreardon@bholaw.com
>Blood Hurst & O'Reardon LLP
>701 B Street, Suite 1700
>San Diego, CA 92101
>Telephone: (619) 338-1100
>
>Joseph P. Guglielmo.
>jguglielmo@scott-scott.com
>Scott+Scott, Attorneys at Law, LLP
>The Chrysler Building
>405 Lexington Avenue, 40th Floor
>New York, NY 10174
>Telephone: (212) 223-6444
>
>Aaron D. Van Oort
>aaron.vanoort@faegrebd.com
>Eileen M. Hunter
>eileen.hunter@faegrebd.com
>FAEGRE BAKER DANIELS
>2200 Wells Fargo Center
>90 South Seventh Street
>Minneapolis, Minnesota 55402-3901
>Telephone: (612) 766-7000

28. All objections must include: (a) a heading which refers to the Litigation, *Murr v. Capital One Bank (USA), N.A.*, Case No. 1:13-cv-1091 LMB/TCB (E.D. Va.); (b) the objector's full name, telephone number, email address, and address (the objector's actual residential address must be included); (c) if represented by counsel, the full name, telephone number, and address of all counsel; (d) a statement under penalty of perjury that the objector is a Settlement Class Member; (e) a statement whether the objector intends to appear at the Final Approval Hearing, either on his or her own behalf or through counsel; (f) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (g) copies of any papers, briefs, or other documents upon which the objection is based; and (h) the objector's dated, handwritten signature (an electronic signature or signature of the objector's attorney is not sufficient).

29. All objections must contain the information set forth in paragraph 28 above, and be filed with the Clerk and served on the Parties' counsel as set forth in paragraph 27 above no later than the Objection Deadline of May 12, 2015. Objections that do not contain all required information or are received after the Objection Deadline of May 12, 2015, will not be considered at the Final Approval Hearing. The Parties will have the right to take discovery, including a deposition, of any objector to assess the objector's standing, motives, and intent.

30. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed by the Parties without further notice to the Settlement Class Members.

31. Attendance at the Final Approval Hearing is not necessary; however, any Settlement Class Member wishing to be heard orally with respect to approval of the Settlement, the application for an award of Plaintiffs' Counsel's fees and costs, or the application for Plaintiffs' service awards, is required to provide written notice of his or her intention to appear at the Final Approval Hearing no later than the Objection Deadline of May 12, 2015, by filing a "Notice of Intention to Appear". The Notice of Intention to Appear must include the Settlement Class Member's name, address, telephone number, and signature and must be filed and served as described in Paragraph 27 of this Order. Settlement Class Members who do not oppose the Settlement, the application for an award of Plaintiffs' Counsel' fees and costs, or the application for Plaintiffs' service awards need not take any action to indicate their approval. A person's failure to submit a written objection in accordance with the Objection Deadline and the procedure set forth in the Class Notice waives any right the person may have to object to the Settlement, the award of Plaintiffs' Counsel's fees and costs, or Plaintiffs' service awards, or to

appeal or seek other review of the final Judgment and Final Approval Order approving the Settlement.

**IT IS SO ORDERED.**

DATED: January 2, 2015

/s/
Leonie M. Brinkema
United States District Judge